# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
### No. 21-0366V

| | |
|---|---|
| MARVIN WALKER,<br><br>  Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>  Respondent. | Chief Special Master Corcoran<br><br>Filed: August 28, 2024 |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA,* for Petitioner.

*Alexa Roggenkamp, U.S. Department of Justice, Washington, DC,* for Respondent.

### **DECISION DISMISSING PETITION**[1]

On January 8, 2021, Marvin Walker filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccination he received on November 1, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 23, 2024, Petitioner moved for a decision dismissing his petition, acknowledging that his Table claim has been dismissed and stating that Petitioner does

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

not wish to pursue a non-Table claim. ECF No. 35. Petitioner indicated in his motion that he "understands that a decision by the [undersigned] dismissing his petition will result in a judgment against him. He has been advised that such a judgment will end all of his rights in the Vaccine Program." *Id.* at ¶3.

To receive compensation under the Program, Petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or 2) that he suffered an injury that was actually caused by a covered vaccine. See §§ 13(a)(1)(A) and 11(c)(1). Examination of the record does not disclose sufficient evidence that Petitioner suffered a "Table Injury." *See* ECF No. 32. Further, Petitioner has elected not to seek compensation through a causation-in-fact claim. *See* ECF No. 35.

For these reasons, and in accordance with § 12(d)(3)(A), **Petitioner's claim for compensation is denied and this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly**.[3]

    IT IS SO ORDERED.

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.